IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE SOMERS, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-704 |
| v. | ) ) ) | District Judge W. Scott Hardy |
| | ) | Chief Magistrate Judge Cynthia Reed Eddy |
| GENERAL ELECTRIC COMPANY, | ) ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

This matter comes before the Court on Plaintiff's Objections (Docket No. 37) to the Report

& Recommendation ("R&R") (Docket No. 36) of Chief Magistrate Judge Cynthia Reed Eddy,

entered on July 8, 2021.  The R&R recommends granting Defendant's Motion for Summary

Judgment (Docket No. 23), filed on March 31, 2021.  Service of the R&R was made on all parties.

On July 14, 2021, Plaintiff filed timely Objections to the R&R, to which Defendant filed a

Response on July 27, 2021.  (Docket Nos. 37, 38).  Plaintiff objects to the recommendation that

the Court dismiss all of the claims in his Complaint, including claims brought under Pennsylvania

law for breach of contract, violations of the Pennsylvania Wage Payment and Collection Law, 43

P.S. § 260.1 *et seq.* ("WPCL"), and unjust enrichment.  (Docket No. 1-2).

According to Plaintiff, the Court should reject the recommendation that Plaintiff's breach

of contract claim be dismissed primarily because such recommendation is based on an erroneous

finding that a contract did not exist between the parties (and a flawed conclusion that even if

1

Plaintiff did establish the existence of a contract, Plaintiff was paid what he was owed).  Plaintiff

also argues that the recommendation that Plaintiff's WPCL claim be dismissed – which is based

on the erroneous finding that no contract existed here – should likewise be rejected.  Finally,

Plaintiff contends that the recommendation that his unjust enrichment claim be dismissed should

also be rejected because such recommendation was based upon the faulty premise that Defendant's

obligation to Plaintiff was satisfied.

In resolving a party's objections, the Court conducts a *de novo* review of any part of the

R&R that has been properly objected to.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  The

Court may accept, reject, or modify the recommended disposition, as well as receive further

evidence or return the matter to the magistrate judge with instructions.  *See id.*  Upon careful *de*

*novo* review of Plaintiff's Complaint, Defendant's Motion for Summary Judgment, the parties'

briefs filed in connection with the Motion, the R&R, Plaintiff's Objections to the R&R, and

Defendant's Response thereto, the Court concludes that the Objections do not undermine the

R&R's recommended disposition.  Accordingly, the Court enters the following Order:

AND NOW, this 7th day of January, 2022,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. 37) are

OVERRULED, and the R&R (Docket No. 36) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Docket

No. 23) is GRANTED for the reasons set forth in the R&R.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record